Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MILLBURN MALL HOLDINGS, LLC,

*Plaintiff,*

v.

WALGREEN EASTERN CO., INC.,

*Defendant.*

Civil Action No. 19-20512

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Currently pending before the Court is Plaintiff Millburn Mall Holdings, LLC's ("MMH") motion to remand. D.E. 11. Defendant Walgreen Eastern Co., Inc. ("Walgreens") opposed the motion, D.E. 12, and MMH filed a brief in reply, D.E. 13.[1] The Court reviewed the parties' submissions in support and opposition, and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, MMH's motion is **GRANTED** and this case is **REMANDED** to the Superior Court of New Jersey.

I. **BACKGROUND**

This case involves a commercial lease dispute between Walgreens, the tenant, and MMH, the owner and operator of a shopping center in Vauxhall, New Jersey. On October 29, 2019, MMH filed a Verified Complaint (the "Complaint") against Defendant in the Superior Court of New

---

[1] The Court will refer to MMH's brief in support of its motion to remand, D.E. 11-1, as "Pl. Br."; Walgreens' opposition to MMH's motion, D.E. 12, as "Def. Opp."; and MMH's reply brief, D.E. 13, as "Pl. Reply."

Jersey, Chancery Division, Union County (the "State Court") after learning that Walgreens planned to close its location in MMH's shopping center. Notice of Removal ¶ 2, D.E. 1; *see also* Compl. ¶ 32. Seeking injunctive relief, MMH's Complaint was based on the anticipatory breach of a continuous operations clause ("Operating Covenant") in the lease agreement ("Lease") between the parties. Notice of Removal ¶ 12.

In 2009, Walgreens assumed the Lease from the bankruptcy estate of Drug Fair Group, Inc., (the "Bankruptcy Proceeding"). *Id.* ¶ 10. Through the Bankruptcy Proceeding, the bankruptcy court entered an order (the "Bankruptcy Order") that modified the Lease by striking the Operating Covenant pursuant to 11 U.S.C. § 365(f). *Id.* ¶ 11. The parties dispute the effect of the Bankruptcy Order on the Lease.

On November 1, 2019, the State Court issued a consent order requiring Walgreens to maintain its stock at the store pursuant to Operating Covenant until the Court decided MMH's motion for temporary restraints and a preliminary injunction. *Id.* ¶ 6. On November 19, 2019, Walgreens filed a Notice of Removal, asserting that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1334, and that the case may be removed pursuant to §§ 1441 and 1452.[2] *Id.* ¶ 13. On January 24, 2020, MMH filed the instant motion for remand. D.E. 11. Walgreens opposes the motion. D.E. 12.

## II. LAW & ANALYSIS

A motion to remand is generally governed by 28 U.S.C. § 1447(c), which provides that removed cases shall be remanded "[i]f at any time before final judgment it appears that the district

---

[2] Walgreens filed its Notice of Removal before the state court decided MMH's motion for temporary restraints and a preliminary injunction. After removal, however, the parties agreed that Walgreens would continue to maintain its stock as required by the Consent Order until this motion to remand was decided. D.E. 4.

court lacks subject matter jurisdiction." District courts must have original subject matter jurisdiction to hear a case that is removed from state court. 28 U.S.C. § 1441(a). The party removing the action has the burden of establishing that federal jurisdiction exists. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Removal statutes are "strictly construed and all doubts should be resolved in favor of remand." *Id.*

Walgreens contends that this Court has original jurisdiction under 28 U.S.C. § 1334 because the effect of the Lease turns on interpreting the Bankruptcy Order and is thus removable pursuant to 28 U.S.C. § 1452.[3] *See* Def. Opp. at 5–6. Section 1334 pertains to bankruptcy cases and proceedings under title 11 of the Bankruptcy Code, while Section 1452 governs the removal of claims related to Section 1334. Specifically, Walgreens argues that this case "arises under" and "arises in" the Bankruptcy Proceeding because the Bankruptcy Order modified the Lease language at issue in this action. *See id.* at 4–6, 6–11. Section 1452 provides as follows:

> (a) *A party may remove any claim or cause of action in a civil action* other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, *if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.*
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452 (emphases added).

---

[3] While Walgreens asserted that the Court has jurisdiction over this matter pursuant to Section 1331 in its Notice of Removal, it now only argues that the Court has jurisdiction pursuant to Section 1334 and does not raise federal question jurisdiction. Accordingly, the Court does not address jurisdiction under Section 1331.

3

Section 1334 provides in relevant part as follows:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
>
> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334. Section 1334(a) addresses cases "under" title 11. Cases "under" title 11 are the bankruptcy petitions themselves. *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006). Section 1334(a) is not at issue here.

Section 1334(b) applies to civil matters "arising under" title 11, "arising in" cases under title 11, or "related to" cases under title 11. 28 U.S.C. § 1334(b). Section 1334(c)(1) concerns discretionary abstention, while Section 1334(c)(2) addresses mandatory abstention. Mandatory abstention, in addition to other requirements, only pertains to a state matter that is "related to" a case under title 11 – it does not apply to the "arising under" and "arising in" categories. *Id.* at § 1334(c)(2).

As an alternate argument, MMH asserts that the mandatory abstention provision applies because its state case "relates to" a matter under title 11. Pl. Br. at 14. Walgreens, however, appears to forego the "relates to" argument, instead asserting that this case "arises under" and "arises in" the Bankruptcy Proceeding because the Bankruptcy Order modified the Lease language at issue in this action. Def. Opp. at 4–6, 6–11. Thus, the mandatory abstention provision of Section 1334(c)(2) is not at issue,[4] and the Court only analyzes the "arises under" and "arises in" requirements. One is needed for the Court to have jurisdiction pursuant to Section 1334(b). Yet, even if the Court does have jurisdiction under Section 1334(b), it can still exercise discretion and abstain pursuant to Section 1334(c)(1).

In *Stoe*, the Third Circuit reviewed the "arises under" and "arises in" requirements. 436 F.3d at 216-19.[5] In that case, the plaintiff signed a severance agreement with his company; the severance was $648,000 payable in biweekly amounts of $13,500. *Id.* at 211. The plaintiff's company was a division of a parent corporation. *Id.* Approximately four months after the payments began, the parent company filed for Chapter 11 bankruptcy in the Southern District of

---

[4] Of course, if the current matter did "relate to" a case under title 11, the Court would be subject to the mandatory abstention provision. Whether a matter is "related to" a title 11 matter is determined by the standard set forth in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir.1984), *overruled in part by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 124–25 (1995), or if the matter is brought post-confirmation, by the "close nexus" standard articulated in *In re Resorts International, Inc.*, 372 F.3d 154 (3d Cir. 2003). *See In re Seven Fields Dev. Corp.*, 505 F.3d 237, 263-65 (3d Cir. 2007) (confirming the *Pacor* standard and holding that the *Resorts* test "is applicable to 'related to' jurisdiction over any claim or cause of action filed post-confirmation, regardless of when the conduct giving rise to the claim or cause of action occurred"). Yet, just because a matter is brought post-confirmation does not mean that it will necessarily, if at all, fall into the "related to" category. A court must first determine whether, for example, the case could also fit another category such as "arising in." *Id.* at 259-63.

[5] The court in *Stoe* also determined that Section 1332(c)(2), the mandatory abstention provision, applied to cases removed from state court. *Id.* at 213-16. Mandatory abstention, as noted, is not an issue in this case.

New York. *Id.* Once the petition was filed, the Bankruptcy Code prohibited further severance payments to the plaintiff. *Id.* In response, the plaintiff filed an action to recover the unpaid amounts in Pennsylvania state court pursuant to Pennsylvania's wage payment laws. *Id.* Invoking 28 U.S.C. § 1452, the defendants removed the matter to district court. *Id.* at 212. The district court then, among other things, dismissed the case for failing to state a valid claim. *Id.*

On appeal, the Third Circuit reviewed the meaning of "arising under," "arising in," and "related to," as set forth in 28 U.S.C. § 1334:

> Bankruptcy "arising under" jurisdiction is analogous to 28 U.S.C. § 1331, which provides for original jurisdiction in district courts "of all civil actions arising under the Constitution, laws, or treaties of the United States." 1 *Collier on Bankruptcy* § 3.01[4][c][i] at 3–21– 22 (15th ed. rev. 2005); *see also Wood v. Wood (Matter of Wood)*, 825 F.2d 90, 96–97 (5th Cir.1987). The category of proceedings "arising in" bankruptcy cases "includes such things as administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens." 1 *Collier on Bankruptcy* § 3.01[4][c][iv] at 3–31 (quotations and footnotes omitted). Proceedings "arise in" a bankruptcy case, "if they have no existence outside of the bankruptcy." *United States Trustee v. Gryphon at the Stone Mansion, Inc.*, 166 F.3d 552, 556 (3d Cir.1999). Finally, a proceeding is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984); *see also In re Federal–Mogul Global, Inc.*, 300 F.3d 368, 381 (3d Cir.2002) (noting that *Pacor* "clearly remains good law in this circuit" in this respect).

*Id.* at 216. The court in *Stoe* then explained that the difference between "arises under" and "arises in," on the one hand, and "related to," on the other, is whether the plaintiff's claim was a "core" proceeding or "non-core" proceeding under 28 U.S.C. § 157. *Id.* at 217 (citation omitted).[6]

---

[6] 28 U.S.C. § 157(a) states that each federal district may refer to bankruptcy judges the four types of cases listed in Section 1334, *i.e.* those "under," "arising under," "arising in," or "related to." Section 157(b) then indicates that a bankruptcy judge may hear and decide all "core proceedings" that are "under," "arise under," or "arise in" title 11. Bankruptcy judges may hear non-core proceedings that are "related to" a case under title 11, but must submit proposed findings of fact

6

The Circuit then concluded that the plaintiff's claim did not "arise under" title 11. *Id.* at 217. The *Stoe* court observed that "[w]hether a proceeding is a 'core' proceeding that 'arises under' title 11 depends upon whether the Bankruptcy Code creates the cause of action or provides the substantive right invoked." *Id.* (citing *Halper v. Halper*, 164 F.3d 830, 836, 836–37 n. 7 (3d Cir. 1999)). The Third Circuit reasoned that the plaintiff's claim arose under Pennsylvania's wage payment law rather than the Bankruptcy Code, finding that its prior holding in *Belcufine v. Aloe*, 112 F.3d 633 (3d Cir. 1997) did not dictate a different result. *Id.* The court in *Stoe* noted that the Bankruptcy Code did not create the plaintiff's cause of action and the mere fact that bankruptcy law was implicated in the defense did not convert the plaintiff's claim to "arising under" title 11. *Id.*

The Circuit similarly found that the plaintiff's claim did not "arise in" a bankruptcy matter. *Id.* at 217-18. The *Stoe* court reasoned as follows:

> [C]laims that "arise in" a bankruptcy case are claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case. *See Halper*, 164 F.3d at 836 (proceeding is "core" "if it is a proceeding that, *by its nature*, could arise only in the context of a bankruptcy case") (quotation omitted) (emphasis added); 1 *Collier on Bankruptcy* § 3.01[4][c][iv] at 3–31 (noting that "administrative matters" such as allowance and disallowance of claims, orders in respect to obtaining credit, determining the dischargeability of debts, discharges, confirmation of plans, orders permitting the assumption or rejection of contracts, are the principal constituents of "arising in" jurisdiction, and that "[i]n none of these instances is there a 'cause of action' created by statute, nor could any of the matters illustrated have been the subject of a lawsuit absent the filing of a bankruptcy case[").] Claims under the [Pennsylvania wage payment law] can clearly exist outside the context of bankruptcy cases. The only connection that [the plaintiff's] claim has to the [parent company's] bankruptcy is that, in the event that [the plaintiff] is successful in recovering damages

---

and conclusion of law to the district court on those matters unless the parties otherwise consent to the bankruptcy court deciding the non-core matters. 28 U.S.C. § 157(c). *See also Seven Fields Dev. Corp.*, 505 F.3d at 253-55 (reviewing Section 157).

> for unpaid wages from the defendants here, those defendants will likely seek indemnification from [the parent company]. In that sense it is "related to" the [parent company's] bankruptcy because it could "conceivably" have an effect on the estate being administered.

*Id.* at 218. In so ruling, the Circuit rejected the defendants' "but for" argument, that is, because the parent company stopped making payments due to its bankruptcy, the plaintiff's claim would not exist but for the bankruptcy case. *Id.*

As to Walgreens' "arising under" argument, clearly MMH's contract action arises under state law. The Bankruptcy Code certainly did not create the contract action nor did the Code provide the substantive right invoked. Instead, Walgreens' defense is based on the interpretation of the Bankruptcy Order and whether it eliminated or modified the Operating Covenant as to Walgreens.

Walgreens contends that 11 U.S.C. § 365(f) provides the requisite "substantive right" here. Def. Opp. at 4. Section 365(f) provides as follows:

> Except as provided in subsections (b) and (c) of this section, notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection.

11 U.S.C. § 365(f). Pursuant to Section 365(f), the Bankruptcy Court held the Operating Covenant unenforceable as an impermissible restriction on assignment. D.E. 1-1 at 73. However, no "substantive right" was conferred to Walgreens. Instead, the ruling conferred a right to the bankruptcy trustee to assign leases irrespective of anti-assignment clauses contained within those leases. Walgreens' rights in the Lease are separate from the assignment of those rights under Section 365. Further, the interpretation of the Bankruptcy Order and its effects on the Lease goes to the merits of the case, and "[t]he existence of subject matter jurisdiction is determined before, not after, adjudication of the merits and depends on the nature, not the validity, of the plaintiff's

8

claim." *In re Allegheny Health Educ. & Research Found.*, 383 F.3d 169, 176 (3d Cir. 2004) (remanding matter to bankruptcy court because court's resolution of jurisdictional question "was based on its resolution of the merits of the claim"). Though Walgreens contends the Bankruptcy Order "permanently modif[ied]" its rights in the Lease, Def. Opp. at 4, 6, its rights are contained in the Lease (perhaps as modified by the Bankruptcy Order, as Walgreens' argues) and not in the Bankruptcy Code. Moreover, the authorities to which Walgreens cites regarding "core" proceedings are distinguishable from the instant matter. *See, e.g., In re FAH Liquidating Corp.*, 567 B.R. 464, 470 (Bankr. D. Del. 2017) (finding "arising in" jurisdiction where claims were "inseparable from the [bankruptcy] [p]lan" because they implicated the debtor's assets). Here, the debtor's estate has been administered and closed, the debtor's assets are not at issue, and the debtor is not a party to the action.

Turning to Walgreens' "arising in" argument, "[c]laims that 'arise in' a bankruptcy case are claims that by their nature, not their particular factual circumstances, *could only arise in the context of a bankruptcy case.*" *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 260 (3d Cir. 2007) (emphasis added). Here, Walgreens points to a prior bankruptcy action, from which it obtained the Lease, not an ongoing bankruptcy case. The category of proceedings for "arising in" bankruptcy cases "includes such things as administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens." *Stoe*, 436 F.3d at 216 (citation omitted). By contrast, MMH's claim is a contract claim that can exist in state court independent of a bankruptcy proceeding. As a result, this case does not invoke "arising in" bankruptcy jurisdiction. *See Susqeuhanna Commercial Fin. Inc. v. Herdocia*, No. 06-5125, 2007 WL 137837, at *3 (E.D. Pa. Jan. 16, 2007) (explaining that case did not arise in title 11 because "[p]laintiff could certainly allege breach of contract claims against defendant if [the third-party

vendor] were not a debtor in the Texas bankruptcy proceeding"). In addition, a matter may meet the "arising in" requirement if it alleges impropriety or negligence by a trustee or court-appointed manager that occurred during the bankruptcy process, *i.e.* pre-confirmation. *See Seven Fields Dev. Corp.*, 505 F.3d 237 at 259-63. MMH's case does not do so.

In sum, the Court lacks subject matter jurisdiction over this matter.

Moreover, even if the Court had subject matter jurisdiction based on an "arising under" or "arising in" analysis, this Court would nevertheless remand this matter pursuant to 28 U.S.C. § 1452(b). Section 1452(b) provides, in relevant part, that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Equitable considerations, in this context, do not refer to the traditional distinction between equitable and legal grounds, but instead mean that which is "reasonable, fair, or appropriate." *Seven Fields Dev. Corp.*, 505 F.3d at 245 (internal quotations and citations omitted). The decision to equitably remand under Section 1452(b) is discretionary and broad. *See Prudential Ins. Co. of Am. v. Barclays Bank PLC*, No. 12-5854, 2013 WL 221995, at *8-9 (D.N.J. Jan. 22, 2013).

A court in this district has observed that the factors courts consider for equitable remand pursuant to Section 1452(b) and permissive abstention pursuant to Section 1334(c)(1) are "essentially identical." *Prudential Ins. Co. of Am. v. J.P. Morgan Secs. LLC*, No. 12-3489, 2012 WL 6771977, at *6 (D.N.J. Dec. 20, 2012). The factors include the following:

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to involuntarily removed defendants.

*Id.* However, while these factors may be pertinent to the decision, they may also be unduly restrictive. *See* 1 Collier on Bankruptcy § 3.07[5] (noting that section 1452(b) "gives broad discretion to remand . . . on 'any equitable ground' . . . a term that includes almost any ground believed appropriate by the court").

Here, MMH's state case will not have an effect on the administration of the bankruptcy estate. The bankruptcy matter is closed, and the Debtor is not a party to this case. Moreover, MMH's contract action is based on New Jersey law, although such law is not unsettled. Finally, while there are no defendants who be prejudiced by involuntary removal, the Court also cannot discern any undue prejudice to Walgreens if this matter were to proceed in state court. *See, e.g., Adams v. Ins. Co. of N. Am.*, 426 F. Supp. 2d 356, 382 (S.D. W.Va. 2006) (remanding pursuant to Section 1452(b) because, among other things, the action was based on state law and none of the parties were debtors). As a result, the Court would remand this matter pursuant to Section 1452(b) if it had subject matter jurisdiction.

Because the Court lacks jurisdiction, it remands this matter. Assuming, *arguendo*, that the Court had subject matter jurisdiction, it would nevertheless remand this matter on equitable grounds pursuant to Section 1452(b).[7]

Therefore, for the foregoing reasons, and for good cause shown,

---

[7] MMH also argues that Walgreens should be responsible for attorney's fees and costs under 28 U.S.C. § 1447(c). Pl. Br. at 17. "Absent 'unusual circumstances,' attorney's fees may be awarded 'only where the removing party lacked an objectively reasonable basis for seeing removal.'" *Gallagher v. Johnson & Johnson Consumer Cos., Inc.*, 169 F. Supp. 3d 598, 611 n.10 (D.N.J. 2016) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Here, the Court cannot conclude that Walgreens lacked "an objectively reasonable basis" in removing this matter. Rather, Walgreens identified the substantive rights it believed to have under the Bankruptcy Code. *See Danner v. Tower Acquisition, LLC*, No. 06-2270, 2007 WL 1521201, at *1 (M.D. Pa. May 22, 2007) (ordering defendant to pay plaintiff's costs for remand where "[d]efendant did not specify what rights conferred by sections 363 and 365 were involved"). Consequently, the Court will not award MMH attorney's fees and costs.

11

IT IS on this 24th day of March, 2020

**ORDERED** that Plaintiff's motion to remand (D.E. 11) is **GRANTED**; and it is further

**ORDERED** that this matter is **REMANDED** to the Superior Court of New Jersey, Chancery Division, Union County; and it is further

**ORDERED** that the Clerk of the Court is directed to close this matter.

John Michael Vazquez, U.S.D.J.